(Pleito No. 50.—Fallado el 8 de Mayo de 1900.)

## FERNÁNDEZ contra RODRÍGUEZ.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Mayagüez.

INTERESES EN CRÉDITOS HIPOTECARIOS. A no ser que se estipule lo contrario, los intereses de un crédito hipotecario no son pagaderos hasta el día de su vencimiento, y un convenio de pagarlos por anticipado no podrá inferirse.

### SENTENCIA.

· En la Ciudad de San Juan Bautista de Puerto Rico, á ocho de Mayo de mil novecientos, en los autos ejecutivos iniciados ante el extinguido Juzgado de 1ª Instancia de Mayagüez y fallados por su Tribunal de Distrito, siendo ejecutantes los Sres. Fernández y Cª, comerciantes y avecindados en dicha Ciudad, con Doña María Gregoria Rodríguez, propietaria, de la misma vecindad, sobre pago de pesos, pendiente ante Nos en virtud de recurso de casación

por infracción de ley interpuesto por los demandantes y sostenido ante este Tribunal Supremo en su defensa y representación por el Letrado Don Herminio Díaz Navarro, no habiendo comparecido la parte recurrida.—Resultando: Que á petición de los Sres. Fernández y Cª, se requirió á Doña María Gregoria Rodríguez, asistida de su esposo, en tres de Mayo del año anterior, para que en el término de quince días, que la concedió el Juzgado, satisficiesen á aquellos Sres. la suma de trescientos sesenta pesos moneda corriente, importe de los intereses de una hipoteca vencida, contestando la requerida que le era de todo punto imposible satisfacer esa suma por carecer de metálico.—Resultando: Que transcurrido el término concedido, los Sres. Fernández y Cª formularon demanda ejecutiva. en treinta de Mayo del año mil ochocientos noventa y nueve contra Doña María Gregoria Rodríguez sobre pago de tres mil pesos moneda corriente de principal, trescientos sesenta pesos de intereses de dicho año y mil pesos para costas, procedentes de un crédito hipotecario constituído en escritura otorgada en catorce de Marzo de mil ochocientos noventa y cuatro en dicha Ciudad de Mayagüez por los Sres. Cintrón y Cª, quienes en diez y nueve de Enero de mil ochocientos noventa y siete vendieron la finca hipotecada á dicha Doña María Gregoria Rodríguez que reconoció el gravamen, según la escritura constitutiva, en la cual se consignaron las cláusulas 2ª y 3ª. que dicen así :—" 2º El mismo Don José Cintrón y Ramírez, en la representación dicha, se obliga á pagar á los Sres. Fernández y Cª, los expresados tres mil pesos que les adeuda, á razón de mil quinientos pesos el día treinta y uno de Diciembre del corriente año y mil quinientos pesos el día treinta y uno de Diciembre de mil ochocientos noventa y cinco.—3º Es convenido que si venciesen uno ó los dos plazos expresados, y no fuesen satisfechos el día señalado para su pago, desde ese día hasta el de su solvento, cualquiera que fuese la causa de la demora, devengarán el doce por ciento de interés anual."—Resultando: Que despa-

chada la ejecución por la expresada suma, fué citada de remate Doña María Gregoria Rodríguez, asistida de su legítimo esposo Don Monserrate Ramírez, la cual compareció en los autos oponiéndose á la ejecución, y si bien en el texto de su escrito y en las consideraciones de derecho alegó la nulidad del juicio por no estar vencidos los intereses y no ser de aplicación por tanto las disposiciones sobre prórrogas de créditos hipotecarios, en la súplica de su escrito solicitó que se dictase sentencia declarando no haber lugar á la de remate acompañando un recibo que dice:—"Recibimos de Don Monserrate Ramírez la suma de novecientos noventa y cuatro pesos setenta y siete centavos moneda corriente por saldo de intereses vencidos y vencibles sobre el crédito hipotecario que poseemos sobre la finca "Santa Rosa," hasta el treinta y uno de Diciembre del corriente año.—Mayagüez Enero diez y nueve del noventa y ocho.—Fernández y Cª en liquidación."—Resultando: Que conferido traslado de la oposición á la parte actora, lo evacuó exponiendo: que precisamente el recibo presentado revela que había el convenio de que los intereses fueran satisfechos por anualidades anticipadas y, después de alegaciones varias sobre contratos y su interpretación, concluyó solicitando que se declarase sin lugar la oposición y que se mandase seguir adelante la ejecución.— Resultando: Que abierto el juicio á prueba, sólo se practicó la propuesta por la ejecutada y en el período oportuno declararon los testigos Don José Mª Castro, Don Rafael Barrabeig y Pamies y Don Valentín Ramírez Báez, en el sentido de que cuando se pactan intereses con deudores agricultores, y no se conviene expresamente que se paguen anticipados, es costumbre en la jurisdicción que se paguen cuando se vencen y en los meses de Diciembre, Enero ó Febrero, que es cuando ya pueden disponer de fruto con que hacer frente á sus compromisos.— Resultando: Que continuado el juicio por sus trámites el Tribunal de Distrito de Mayagüez dictó sentencia con fecha 19 de Septiembre del año anterior, declaró nulo y de ningún valor todo lo actuado en el juicio ejecutivo desde el auto de

cinco de Junio en que se despachó la ejecución, declarando ésta sin lugar con imposición de las costas á la parte ejecutante, fundándose en que no estando vencidos los intereses, no era exigible la cantidad adeudada, según las órdenes de 19 y 31 de Enero 1899.—Resultando: Que contra dicha sentencia ha interpuesto el Letrado Don Herminio Díaz Navarro, á nombre de los Señores Fernández y Cª, recurso de casación por infracción de ley, fundándolo en los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, 1º Por haber incurrido el Tribunal sentenciador en notorio error de hecho y de derecho, infringiendo el artículo 1,225 en relación con el párrafo 2º del 1,218 del Código Civil, porque habiendo la parte ejecutada satisfecho, según recibo que presentó de diez y nueve de Enero de mil ochocientos noventa y ocho, los intereses vencidos y vencibles hasta el treinta y uno de Diciembre del citado año, es este hecho revelador de que se la concedió prórroga para el abono del principal, siempre que satisficiera los intereses por adelantado, y como no satisfizo los correspondientes desde el treinta y uno de Diciembre de mil ochocientos noventa y ocho al treinta y uno de Diciembre de mil ochocientos noventa y nueve, después del término de quince días que le concedió el Tribunal, es claro fué procedente la demanda ejecutiva y por consiguiente la ejecución que contra la deudora se despachó.—2º Infracción de las órdenes de diez y nueve y treinta y uno de Enero de mil ochocientos noventa y nueve, porque concedió el privilegio de la prórroga en ellas acordada á deudores que las mismas eximen del beneficio, por no haber llenado las condiciones exigidas para concederlo.— 3º Por infracción del inciso 2º del artículo 1,465 en relación con el 1º del 1,427 de la Ley de Enjuiciamiento Civil y 1,216 y 1,218 del Código Civil, porque el título es una escritura pública, copia primordial, la deuda está vencida y por tanto no ha debido prosperar la excepción de nulidad del juicio ejecutivo.—Y 4º La doctrina del Tribunal Supremo de Madrid contenida en varias sentencias, que cita, porque

el fallo no es congruente con lo estrictamente pedido, puesto que se solicitó la declaración de no haber lugar á pronunciar sentencia de remate, y se declaró por el Tribunal la nulidad del juicio; cuyo recurso se sostuvo en el acto de la Vista.— Visto, siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que, apreciadas las pruebas en conjunto ó sea la cláusula de la escritura hipotecaria, el recibo presentado con la oposición y las declaraciones de los testigos que han depuesto en el período probatorio, no puede impugnarse útilmente un elemento aislado, y por tanto queda el hecho sentado por el Tribunal de que los intereses sólo son exigibles por anualidades vencidas, y contra esa apreciación no puede oponerse el hecho de la prórroga, inferida tan sólo por el recurrente del texto del recibo presentado.—Considerando: Que sentada la afirmación que la sentencia recurrida contiene, no se han infringido las órdenes de diez y nueve y treinta y uno de Enero de mil ochocientos noventa y nueve sobre prórrogas de créditos hipotecarios, porque cuando tratan de los intereses, se refieren á los vencidos por cuya razón tampoco se han cometido las infracciones referidas en los números 2º y 3º—Considerando: Que en cuanto á la incongruencia que se advierte por el recurrente, hay que tener en cuenta que el recurso no se ha fundado en el número 2º del artículo 1,690 de la Ley de Enjuiciamiento Civil, como sería necesario, para que pudiese el Tribunal considerar el motivo.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto á nombre de los Señores Fernández y Cª, á quien condenamos en las costas; y líbrese al Tribunal de Distrito de Mayagüez la certificación correspondiente, con devolución de los autos que ha remitido.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Jose Mª Figueras.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á ocho de Mayo de mil novecientos.—E. de J. López Gaztambide.